IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 06 2012
J T NOBLIN CLERK
BY_____ DEPUTY

**RONNELL OLIVER,**

     Plaintiff,

**v.**

**AIG LIFE INSURANCE COMPANY, ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE PLAN FOR EMPLOYEES OF SOUTHERN COMPANY SERVICES, INC. AND ASSOCIATED OR AFFILIATED COMPANIES, BENEFITS ADMINISTRATION COMMITTEE [SOUTHERN COMPANY SERVICES, INC.], ERISA APPEALS COMMITTEE OF AIG LIFE INSURANCE COMPANY, and CHARTIS INSURANCE,**

     Defendants

C. A. No. 1:12cv276LG-JMR

## PLAINTIFF'S ORIGINAL COMPLAINT

## 1  INTRODUCTION

1.1  Plaintiff brings a claim for Total Disability and Dismemberment benefits under 29 U.S.C. § 1132(a)(1)(B).

1.2  Plaintiff brings a claim for Other Equitable Relief under 29 U.S.C. § 1132(a)(3).

PLAINTIFF'S ORIGINAL COMPLAINT

# 2  JURISDICTION

2.1  This court has subject matter jurisdiction of this dispute without regard to the citizenship of the parties pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(e)(1).

2.2  This Court has jurisdiction of the subject matter of this action pursuant to 29 U.S.C. § 1132(f) in that Plaintiff brings this action pursuant to 29 U.S.C. § 1132(a)(3).

2.3  Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §2201 and 28 U.S.C. §2202.

2.4  Plaintiff invokes jurisdiction pursuant to 28 U.S.C. § 1343(a)(4)

2.5  This Court has jurisdiction in that the Plaintiff brings this action pursuant to 28 U.S.C. § 1331 and the Constitution of the United States.

2.6  This Court may award costs and attorney's fees pursuant to 29 U.S.C. § 1132(g)(1) and Rule 54, FRCP.

2.7  Venue of this action is proper in this court pursuant to 29 U.S.C. § 1132(e)(2) in that the violation, the failure to pay benefits, took place and this Court may find the Defendant Accidental Death and Dismemberment Insurance Plan

for Employees of Southern Company Services, Inc. and Associated or Affiliated Companies within this District and Division.

# 3   PARTIES

## 3.1   PLAINTIFF

3.1.1 Plaintiff is a disabled employee of Southern Company Services and resides in Moss Point in Jackson County, Mississippi.

## 3.2   DEFENDANTS

3.2.1 Plaintiff is informed and based upon such information alleges, that Defendant Accidental Death and Dismemberment Insurance Plan for Employees of Southern Company Services, Inc. and Associated or Affiliated Companies (hereinafter "Defendant Plan") is an ERISA plan that Southern Company Services sponsors under which the Plaintiff is entitled to benefits. Plaintiff will serve Defendant at 30 Ivan Allen Jr. Blvd., N.W., Bin SC1203, Atlanta, GA 30308.

3.2.2 Plaintiff is informed and based upon such information alleges that Defendant Benefits Administration Committee [Southern Company Services, Inc.] (hereafter "Defendant Committee") is the plan administrator of the

PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Plan. Plaintiff will serve Defendant Committee at 30 Ivan Allen Jr. Blvd., N.W., Bin SC1002, Atlanta, GA 30308.

3.2.3 Plaintiff is informed and based upon such information alleges that Defendant AIG LIFE INSURANCE COMPANY (hereafter "Defendant AIG") insures Defendant Plan through Policy No. PAI 0008063708. Plaintiff will serve Defendant at 600 King Street, Wilmington, Delaware 19801.

3.2.4 Plaintiff is informed and based upon such information alleges that Defendant ERISA Appeals Committee of AIG Life Insurance Company (hereafter "Defendant EAC") is an entity, not mentioned in the plan documents of Defendant Plan that denied Plaintiff's benefit claim on appeal. Plaintiff will serve Defendant at 600 King Street, Wilmington, Delaware 19801.

3.2.5 Plaintiff is informed and based upon such information alleges that Defendant Chartis Insurance (hereafter "Defendant Chartis") is the Claims Administrator of Defendant Plan. Plaintiff will serve Defendant at 600 King Street, Wilmington, Delaware 19801.

# 4   STATEMENT OF CLAIM FOR PENALTIES

4.1   Southern (or its predecessor) hired Plaintiff on or about July, 1985.

4.2   On May 20, 2009, Southern employed Plaintiff in the labor department.

4.3  Following a routine cutting of the left toenails, Plaintiff accidentally cut his toe, which caused Plaintiff to suffer an infection of his left foot and toe resulting in a below the left knee amputation on May 20, 2009.

4.4  On or about September 7, 2008, Plaintiff stopped working for Defendant.

4.5  As of September 7, 2008, Plaintiff was unable to perform Plaintiff's occupation.

4.6  On April 29, 2011, Plaintiff through Plaintiff's attorney, requested documents pertaining to the Defendant Plan from Southern. (Bates No. 000757 – 000759).

4.7  On or about June 27, 2012, Southern furnished Plaintiff with the following documents:

4.7.1 April 25, 2012 denial letter (Bates No. 000790 – 000792);

4.7.2 Master Application and Accidental Death and Dismemberment ("AD&D") Policy (Bates No. 000794 – 000840);

4.7.3 Amendments 1-21 to the AD&D Policy (Bates No. 000842 – 000880);

4.7.4 2008 and 2009 Summary Plan Description ("SPD") for active employees under the AD&D Policy (Bates No. 000882 – 000892);

PLAINTIFF'S ORIGINAL COMPLAINT

4.7.5 2008 Administrative Information for the AD&D Policy (Bates No. 000894 – 000914);

4.7.6 2009 Administrative Information for the AD&D Policy (Bates No. 000916 – 000949);

4.7.7 2010 SPD for active employees for the AD&D Policy (Bates No. 000951 – 000964);

4.7.8 2010 Administrative Information for active employees for the AD&D Policy (Bates No. 000966 – 001000);

4.7.9 2010 and 2011 SPD for retirees for the AD&D Policy (Bates No. 001002 – 001014);

4.7.10 2010 and 2011 Administrative Information for retirees for the AD&D Policy (Bates No. 001016 – 001039);

4.7.11 2010 Summary of Material Modifications (for active employees and retirees) for the AD&D Policy (Bates No. 001041);

4.7.12 2012 SPD (including Administrative Information) for retirees for the AD&D Policy (Bates No. 001043 – 001070);

4.7.13 2008 Form 5500 for the AD&D Policy (Bates No. 001072 – 001078);

4.7.14 2009 Form 5500 for the AD&D Policy (Bates No. 001080 – 001085); and,

4.7.15 2010 Form 5500 for the AD&D Policy (Bates No. 001086 – 001092).

4.8 The plan document for Defendant Plan, applicable to Plaintiff's claim, is the document that results from combining the two documents that ¶4.7.2 and ¶4.7.3, describe.

4.9 The SPD for Defendant Plan, applicable to Plaintiff's claim, is the document that ¶4.7.7 describes.

# 5  STATEMENT OF CLAIM FOR INJUNCTIVE RELIEF UNDER 29 U.S.C. § 1132(a)(3)

5.1 Defendant Plan is an insured plan.

5.2 The 2009 SPD (¶4.7.6) contains a six (6)-month statute of limitations. (Bates No. 000924).

5.3 The 2009 SPD (¶4.7.6) contains language requiring a plaintiff to exhaust administrative remedies before bringing a claim for breach of fiduciary duty and alleging a statutory violation.

5.4 The 2010 SPD (¶4.7.8) contains a six (6)-month statute of limitations.

PLAINTIFF'S ORIGINAL COMPLAINT

5.5   The 2010 SPD (¶4.7.8) contains language requiring a plaintiff to exhaust administrative remedies before bringing a claim for breach of fiduciary duty and alleging a statutory violation.

5.6   A six (6)-month statute of limitations that the SPDs (¶4.7.6 and ¶ 4.7.8) contain violates both ERISA and the provisions of Miss. Code Ann. 15-1-49 which provision provides that insurance policies must have a statute of limitations no shorter than three years after the claim accrued.

5.7   There is no requirement for exhaustion of administrative remedies for ERISA breach of fiduciary duties claims or claims for statutory violations.

5.8   The plan document (¶4.8) contains a three-(3) year statute of limitations. (Bates No. 000808).

5.9   Based on ¶ 5.8, Defendant Plan has a three-(3) year statute of limitations.

5.10  Plaintiff brings a claim under 29 U.S.C. § 1132(a)(3) for injunction relief. Plaintiff desires an order from this court instructing Defendant Committee to revise the SPD that ¶4.7.6 or ¶4.7.8 describes to reflect that the correct statute of limitations is three (3) years since this is a claim against Defendant Plan that an insurance company funds.

5.11 Further, this court order Defendant Committee to inform all persons who sought benefits under the Plan within the last three (3) years that the statute of limitations is three (3) years and the recipients of the notice have three (3) years to bring a lawsuit for benefits from the date of the notice.

5.12 Plaintiff brings a claim under 29 U.S.C. § 1132(a)(3) for injunction relief. Plaintiff desires an order from this court instructing Defendant Committee to revise the SPD that ¶4.7.6 or ¶4.7.8 describes to reflect that ERISA does not require exhaustion of claims for breach of fiduciary duty or for statutory claims.

# 6  STATEMENT OF CLAIM FOR TOTAL DISABILITY AND DISMEMBERMENT BENEFITS

6.1  Under the terms of Defendant Plan, Plaintiff's "Principal Sum" was $200,000.

6.2  At all times herein mentioned, Plaintiff was entitled to benefits under the Plan.

6.3  As an employee of Southern Company Services, Plaintiff was eligible for the protection of the Defendant Plan.

6.4  At all times while Plaintiff worked for Southern Company Services Plaintiff resided in Mississippi.

PLAINTIFF'S ORIGINAL COMPLAINT

6.5   The Plan was to pay said benefits to the Plaintiff should Plaintiff become disabled because he lost his left foot due to injury.

6.6   Plaintiff is and was at all times related to this claim an employee of Southern Company Services.

6.7   If Plaintiff qualified for benefits under Defendant Plan, Plaintiff's Dismemberment Benefit is 50% of the amount in ¶6.1, or $100,000.

6.8   If Plaintiff qualified for benefits under Defendant Plan, Plaintiff's Permanent Total Disability benefit is 100% of the amount in ¶6.1, or $200,000.

6.9   On or about April 15, 2010, Plaintiff applied for Permanent Total Disability/Dismemberment benefits under Defendant Plan.

6.10  As part of Plaintiff's application for benefits, Defendant Chartis, acting on behalf of Defendant Plan, required Plaintiff to furnish the following:

6.10.1 Plaintiff's company's enrollment benefits form;

6.10.2 confirmation of employee's Principal Sum and current premium payment;

6.10.3 a job description;

6.10.4 a copy of the Social Security Disability Income Award or denial letter;

6.10.5 information on other disability insurance, including Workers' Compensation, long-term disability, etc., including the company name, address, phone number, and policy number; and,

6.10.6 if Business Travel, a copy of employee's itinerary prior to the accident, purpose of trip, destination to and from trip, and confirmation that trip was authorized by the company.

PLAINTIFF'S ORIGINAL COMPLAINT

6.11 On or about January 21, 2011, Defendant Chartis, acting on behalf of Defendant Plan, denied Plaintiff's claim.

6.12 The denial letter that ¶6.11 describes informed Plaintiff that the amputation of Plaintiff's left leg at the knee resulting from Plaintiff cutting his toe while trimming his toenails is not a covered loss for Accidental Dismemberment benefits.

6.13 The denial letter that ¶6.11 describes informed Plaintiff that the amputation of Plaintiff's left leg at the knee resulting from Plaintiff cutting his toe while trimming his toenails is not a covered loss for Permanent Total Disability benefits.

6.14 In reaching the decision to deny Plaintiff's claim resulting in the denial letter that ¶6.11 describes, Defendant Chartis determined that Plaintiff did not meet the criteria to qualify for Accidental Dismemberment benefits under Defendant Plan.

6.15 In reaching the decision to deny Plaintiff's claim resulting in the denial letter that ¶6.11 describes, Defendant Chartis determined that Plaintiff did not meet the definition of Permanent Total Disability to qualify for Permanent Total Disability benefits under Defendant Plan.

PLAINTIFF'S ORIGINAL COMPLAINT

6.16 On or before July 21, 2011, Plaintiff possessed a portion of the plan document of Defendant Plan.

6.17 Plaintiff attaches such portion of the plan document of Defendant Plan to this complaint. (Bates No. 000073 – 000105).

6.18 Plaintiff appealed the denial that ¶6.10 describes on July 21, 2011.

6.19 On April 25, 2012, Defendant ERISA Appeals Committee, acting on behalf of Defendant Plan, denied Plaintiff's appeal.

6.20 The denial letter that ¶6.19 describes reads "After careful review of the claim for Accidental Dismemberment benefits and your appeal related to the amputation of Mr. Oliver's left leg, the Committee determined that no benefits were payable under this policy for Accidental Dismemberment benefits and Permanent Total Disability benefits. As previously outlined in our letter dated January 21, 2011, the evidence does not support that Mr. Oliver's amputation and disability were the result of bodily injury caused by an accident and resulting directly and independently of all other causes, but resulted in whole or in part from a sickness or disease, and not from a bacterial infection caused by an accidental cut or wound. Therefore, the Committee's decision was to deny the claim for benefits."

PLAINTIFF'S ORIGINAL COMPLAINT

6.21 The denial letter than ¶6.19 describes reads ". . . the committee's denial of this appeal is a final plan administration decision."

6.22 The "Committee" to which ¶6.19 refers is Defendant EAC.

6.23 The Plan Document of Defendant Plan (see ¶4.7.2 and ¶4.7.3) does not grant discretion to Defendant Committee.

6.24 The Plan Document of Defendant Plan (see ¶4.7.2 and ¶4.7.3) does not grant discretion to Defendant EAC.

6.25 The Plan Document of Defendant Plan (see ¶4.7.2 and ¶4.7.3) does not grant discretion to Defendant Chartis.

6.26 The Plan Document of Defendant Plan (see ¶4.7.2 and ¶4.7.3) does not grant discretion to Defendant AIG.

6.27 Plaintiff has no choice but to sue.

6.28 Defendants have a history of biased claim administration of ERISA disability claims.

6.29 Defendants have undertaken no efforts to ensure their financial conflict of interest does not influence their claims handling.

PLAINTIFF'S ORIGINAL COMPLAINT

6.30 Defendants have denied Plaintiff the benefits due Plaintiff under the Defendant Plan.

6.31 Plaintiff has suffered, and is continuing to suffer economic loss as a result thereof from the date the Defendant Plan should have paid benefits.

6.32 Plaintiff is entitled to an award of interest on all money that Defendant Plan should have paid to Plaintiff.

6.33 Defendants' denial has required Plaintiff to hire attorneys to represent Plaintiff in this matter to recover benefits due Plaintiff under the Plan. Plaintiff has and will incur attorney's fees. The exact amount is unknown to Plaintiff and Plaintiff seeks leave to amend this complaint when Plaintiff has ascertained the amount or at the time of trial according to proof.

# 7  ADMINISTRATIVE MATTERS

7.1  Plaintiff has met all administrative conditions precedent to the action under ERISA for benefits.

7.2  Alternatively, Plaintiff contends that such remedies are futile and ERISA does not require exhaustion.

7.3  Plaintiff has met all administrative conditions precedent to the action under ERISA for injunctive relief against Defendant Committee under 29 U.S.C. §

PLAINTIFF'S ORIGINAL COMPLAINT

1132(a)(3) since ERISA does not require exhaustion for claims under 29 U.S.C. § 1132(a)(3).

# 8  CAUSES OF ACTION

8.1  Plaintiff brings this action for disability benefits under 29 U.S.C. § 1132(a)(1)(B).

8.2  Plaintiff brings a claim under 29 U.S.C. § 1132(a)(3) for injunction relief. Plaintiff desires an order from this court instructing Defendant Committee to revise the SPD that ¶4.7.12 describes to reflect that the statute of limitations set out on page 9 of the 2010 Summary Plan Description (Bates No. 000974) is three (3) years as opposed to six months.

8.3  Further, Plaintiff brings a claim under 29 U.S.C. § 1132(a)(3) for injunction relief. Plaintiff desires an order from this court instructing Defendant Committee to inform all persons who sought benefits under the Plan within the last three (3) years that the statute of limitations is three (3) years and the recipients of the notice have three (3) years to bring a lawsuit for benefits from the date of the notice.

8.4  Further Plaintiff brings a claim under 29 U.S.C. § 1132(a)(3) for injunction relief. Plaintiff desires an order from this court instructing Defendant

PLAINTIFF'S ORIGINAL COMPLAINT

Committee to revise the SPD that ¶4.7.6 or ¶4.7.8 describes to reflect that

ERISA does not require exhaustion of claims for breach of fiduciary duty or

for statutory claims.

# 9   PRAYER

WHEREFORE, Plaintiff prays the Court order such relief including the

following:

9.1   For all benefits due Plaintiff under Defendant Plan, plus interest;

9.2   Plaintiff requests the following equitable relief under ERISA 29 U.S.C.
§1132(1)(3):

9.2.1 Plaintiff brings a claim under ERISA §502(a)(3) (29 U.S.C. §1132(a)(3)) for
injunction relief. Plaintiff desires an order from this court:

9.2.1.1      Instructing Defendant Committee to revise the SPD that ¶ 4.7.8

describes to reflect that the statute of limitations is three (3) years;

9.2.1.2      Instructing Defendant Committee to revise the SPD that ¶ 4.7.8

describes to reflect that ERISA does not require the exhaustion of breach of

fiduciary duty claims or statutory claims;

9.2.1.3      Instructing Defendant Committee to inform all persons who sought

benefits under the plan within the last three (3) years that the statute of

limitations under the plan is three (3) years and that such participants have

three (3) years in which to sue;

9.3   Grant Plaintiff pre-judgment and post-judgment interest;

9.4   Grant Plaintiff costs and attorney's fees; and,

9.5   Grant such other and future relief as is proper and just.

PLAINTIFF'S ORIGINAL COMPLAINT

Respectfully submitted,

By: _Bradley W. Rath_

Counsel for Ronnell Oliver
Bradley W. Rath
P. O. Box 4604
Biloxi, Mississippi 39531
(228) 206-1400 Telephone
(228) 206-1485 Facsimile
Miss. Bar No. 100102
brad@rathlawfirm.com

Blair Brininger, *Pro Hac Vice* (Admission
Pending)
Texas Bar No. 03002550
New Mexico Bar No. 142901
SD/TX 8383
BRININGER LTD.
1400 Broadfield, Suite 200
Houston, Texas 77084
(713) 659-3737; (469) 547-7472
(866) 431-3250 Facsimile
blair@disability.md

ATTORNEYS FOR PLAINTIFF